UNITED STATES DISTRICT COURT

Re:                              :

Voltage Pictures, LLC.,          :          10 MC 10391- RWZ

Plaintiff,                       :          Re: Civil Action No. 1:10-cv-00873-RMU

v.                               :          Neustar/RCN Case No. AD 21425

DOES 1-5,000,                    :

Defendant

MOTION TO QUASH

I, Deborah McConchie, residing at 335 Langley Road, Newton Center, MA 02459, appearing pro se in the above-captioned case, hereby moves this Court to quash the Mass Subpoena Notification which I received by mail on or around November 12, 2010 from Neustar, keeper of subscriber records for RCN Telecom Services, Inc., pursuant to Federal Rule of Civil Procedure 45 (c), (3) (A) (Effective 12/1/07).

1.  I receive my internet access services from RCN Telecom Services, Inc., an Internet Services Provider (ISP).

2.  I was notified by Neustar Inc., 46000 Center Oak Plaza, Sterling, VA 20166, keeper of subscriber records for RCN Telecom Services, Inc. (RCN), that RCN received a Civil Proceeding Subpoena Request from Nicholas A. Kurtz, of Dunlap, Grubb & Weaver, PLLC, 1200 G Street, NW Suite 800, Washington, DC 20005, Attorney for Plaintiff, on 8/24/2010.

3.  The subpoena listed my subscriber IP address on 5/20/2010, and ordered that RCN provide the "name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all individuals whose IP addresses are listed in the attached spreadsheet".

4.  The subpoena I received did not list why my identification records were being requested. I had to research on the internet to learn that the Plaintiff, Voltage Pictures LLC, was suing thousands of internet users for allegedly downloading their movies illegally using the BitTorrent file sharing application.

5.  I have never downloaded any movies illegally from the internet.

6.  I have never used BitTorrent file sharing application.

7. My IP address identifies my computer network internet account. An **Internet Protocol address (IP address)** is a numerical label that is assigned to any device participating in a network that uses the Internet Protocol for communication between its nodes.[1] In other words, it is an address that is assigned to any device that is connected to a network that follows the Internet Protocol, i.e. the Internet. I have a wireless router that enables multiple computers to access the internet without being directly connected by a wire to the cable modem provided by RCN Telecom Services. The wireless access to the internet is not security protected so that potentially enables anyone with a computer within or outside my home and perhaps as far as a mile away to access or "hack into" the internet through my IP address.

8. I live in a densely populated area so that any neighbor or passersby could "hack" into my wireless router and access the internet through my IP address.

9. I also host from time to time, international students who are enrolled in qualified English Language School programs in Newton, Cambridge and Boston, Massachusetts, for periods ranging from two weeks to several months. These students, using their own computers, are required to have access to the internet while in my home, as part of their assignments and English language learning experience.

10. Since I have not violated any law, and there is no specific evidence that I have, disclosure of my identity for the purpose of having access to my computer/internet files and records is a violation of my privacy and privileged information.

11. In a similar case involving Time Warner Cable's motion to quash or modify subpoenas it received for information about thousands of users who allegedly downloaded certain movies from the Internet using the BitTorrent file sharing application, friend-of-the-court briefs were filed by the American Civil Liberties Union, the ACLU of the Nation's Capital, the Electronic Frontier Foundation (EFF) and Public Citizen Litigation Group. These briefs intending to support Time Warner Cable's Motion to Quash argue that Subpoenas seeking the names and contact information of thousands of individual Internet users from their respective Internet service providers (ISPs) violate the individual users' rights to due process and anonymity.

12. The briefs also argue that the plaintiffs failed to show sufficiently that they had reason to believe the individual defendants did anything wrong before attempting to obtain their identifying information and failed to give the individual defendants notice and an opportunity to challenge the subpoenas.

"Individuals have a presumptive right to speak and view material on the Internet anonymously," said Arthur Spitzer, Legal Director of the ACLU of the Nation's Capital. "If a party to a lawsuit wants to find out who those anonymous individuals are, it must make an adequate factual showing in a proper court, whether the anonymous individual is accused of copyright infringement, defamation or any other improper conduct. That has not been done here."

13. According to the amicus briefs from the ACLU, EFF and Public Citizen,
The amicus briefs further argue that the subpoenas should be quashed because the lawsuits improperly join thousands of unrelated defendants into a single action and were filed in a jurisdiction (U.S. District Court for the District of Columbia) where few, if any, of the defendants and none of the plaintiffs, reside. The individual defendants have no connection to each other besides simply being accused of downloading the same movies using the same software.
"Members of the movie industry have the right to challenge alleged copyright infringement, but they must do so in a way that upholds the law and individuals' due process rights," said Aden Fine, staff attorney with the ACLU Speech, Privacy and Technology Project. "Lumping thousands of unconnected individuals into a few cases in a court far from where they live, without providing them adequate notice and a real opportunity to challenge the subpoenas, is not that way."

14. RCN Telecom Services Inc., unlike Time Warner Cable, has chosen to turn over the identities of its subscribers whose IP addresses have been subpoenaed, unless the individual subscriber files a Motion to Quash in a local Federal court and furnishes documentation of that filing. The original deadline to receive documentation of Motion to Quash filings was 11/17/2010. Because I notified RCN of my intention to file a Motion to Quash, RCN has extended the deadline for me to provide such notification to Wednesday, 11/24/2010.

15. I am requesting the honorable court to accept my Motion to Quash, and to rule favorably on my behalf so that my personal identification information is not released, and further legal action, which is unwarranted and would be a financial hardship, is denied.

Dated: November 23, 2010

Respectfully submitted,
/s/
Deborah B. McConchie
Pro Se